UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TONY SAYLES,<br>    Petitioner, | Case No. 1:11-cv-524 |
| vs. | Dlott, J.<br>Wehrman, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the London Correctional Institution in London, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on respondent's motion to dismiss filed November 17, 2011, petitioner's response in opposition to the motion, and respondent's reply to petitioner's response. (Docs. 11, 14, 15).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On March 3, 2008, the Hamilton County, Ohio, grand jury returned an indictment against petitioner and two co-defendants; petitioner was charged with four counts of burglary in violation of Ohio Rev. Code § 2911.12(A)(2) and one count of possession of criminal tools in violation of Ohio Rev. Code § 2923.24(A). (Doc. 11, Ex. 1).

With the assistance of counsel, petitioner filed a pretrial motion to suppress all evidence seized "as a result of a Global Positioning System (GPS) utilized by the Blue Ash Police Department in locating and stopping Defendant's car." (*Id.*, Ex. 3). The trial court overruled the motion on August 22, 2008. (*Id.*, Ex. 6). It appears from the record that, on November 20, 2008,

the trial court entered an order dismissing the case "for want of prosecution;" the entry was vacated on December 2, 2008 on the ground that the dismissal order had been recorded "in error." (*See id.*, Ex. 7 & Ex. 22, "Exhibits 2-3").

On February 3, 2009, petitioner waived his right to a jury trial and entered a guilty plea to the burglary counts in exchange for the dismissal of the possession-of-criminal-tools charge and the imposition of an agreed-to sentence consisting of concurrent five (5) year prison terms with credit for time served. (*See id.*, Exs. 8-9). In the written plea entry executed by petitioner, as well as counsel for both parties, petitioner stated that he understood his "right to appeal a maximum sentence, [his] other limited appellate rights, and that any appeal must be filed within 30 days of [his] sentence." (*Id.*, Ex. 9, p. 2). On February 6, 2009, the trial court issued a Judgment Entry sentencing petitioner in accordance with the parties' plea bargain to concurrent five-year prison terms. (*Id.*, Ex. 10).

**Motion For Delayed Appeal: Ohio Court of Appeals**

Petitioner did not pursue a timely appeal to the Ohio Court of Appeals. On August 25, 2009, over six months after the final judgment entry of sentence was entered, petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal with the Ohio Court of Appeals, First Appellate District. (*Id.*, Ex. 11). In the motion, petitioner provided the following explanation for his delay in filing:

> Appellant was unable to file his appeal in a timely manner due to the fact that he has been moved back & forth from the Butler County jail and the department of correction, and his paper work has gotten lost twice, as he is currently fighting for his life in the case out of Butler County.

(*Id.*, "Memorandum In Support"). Petitioner also claimed that his trial counsel provided ineffective assistance by "forc[ing him] to take a plea deal, for something he did not do." (*Id.*).

2

On September 16, 2009, the Ohio Court of Appeals overruled the motion for delayed appeal on the ground that petitioner had "failed to provide sufficient reasons for failure to perfect an appeal as of right." (*Id.*, Ex. 14).

On October 7, 2009, petitioner filed a motion for reconsideration with an attached affidavit, which provided in pertinent part:

> [O]n or about February 8, 2009, [I] met with Counsel . . . at the Hamilton County Justice Center, where we discussed the filing of this Appeal, and I signed a Power of Attorney. At this meeting Counsel clearly stated to me that he would take care of the Appeal.
>
> [O]n or about February 9, 2009, I was delivered into the custody of the State of Ohio Dept. of Corrections, and on Feb. 26, 2009, moved to Chillicothe Corr. Inst.; on March 23, I was transported to the Butler County Jail, for the litigation of an unrelated case; on May 15, I returned to Chillicothe Corr.; and again transported to Butler County on June 19, and returned on the 25th; on July 2, again transported to Butler County, and came back to Chillicothe July 15.
>
> [B]etween May 15, 2009, and June 19, 2009, I was notified that there was nothing on the Docket that showed the filing of my Appeal. I made continued attempts to reach [counsel], but without success. I wrote several letters and after not getting a response I went to the Inst. Law Library to ask questions about filing a Delayed Appeal, pro se.

(*Id.*, Ex. 15, "Affidavit of Appellant: Tony Sayles"). Petitioner also stated in the substance of the motion that he was led to believe an appeal had been filed after learning of the November 2008 order dismissing the case for want of prosecution. (*Id.*, Motion, p. 2).

On October 28, 2009, the Ohio Court of Appeals summarily overruled petitioner's motion for reconsideration on the ground that it was "not well taken." (*Id.*, Ex. 17).

### Motion For Delayed Appeal: Ohio Supreme Court

Petitioner did not pursue a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' ruling denying his delayed appeal motion. On March 1, 2010, nearly six months

3

after the Ohio Court of Appeals issued its decision in September 2009 denying petitioner's delayed appeal motion, petitioner filed a *pro* se notice of appeal and motion for leave to file a delayed appeal to the state supreme court. (*Id.*, Exs. 18-19). Petitioner provided the following explanation for his delay in filing:

> I was unable to perfect my Appeal to the Ohio Supreme Court because: I am currently fighting another case in Butler County Ohio, and Appellant keeps being moved around, back and forth, from Chillicothe Correctional Inst., to Butler County Jail, even to this date. Appellant has been taken to Butler County Jail, more than 6 times, each time being kept at Butler County Jail anywhere from 14 to 90 days.
>
> While Appellant is at Butler County, He does not have access to legal material, and is unable to work on his Hamilton County Case. . . .

(*Id.*, Ex. 19, "Affidavit of Reason For Delay"). Petitioner also stated that if he were allowed to file a delayed appeal, he would raise claims challenging (1) the denial of his suppression motion; (2) his conviction and sentence on an indictment that was dismissed for want of prosecution; and (3) the effectiveness of trial counsel, who failed to inform him of the dismissal of the indictment and "talk[ed] him into a plea deal." (*Id.*, Motion).

On April 14, 2010, the Ohio Supreme Court denied petitioner's motion for a delayed appeal without opinion. (*Id.*, Ex. 20).

### State Motions For Resentencing And To Withdraw Guilty Plea

Nearly ten months later, on February 3, 2011, petitioner filed a motion for resentencing "based on void judgment entry" in the Hamilton County Common Pleas Court. (*Id.*, Ex. 21). On March 7, 2011, he also filed a motion to withdraw his guilty plea with the trial court. (*Id.*, Ex. 22). Petitioner claimed in support of his motion to withdraw his plea that the indictment was dismissed for want of prosecution in November 2008 and that the later entry vacating the

4

dismissal order was invalid because it contained a "forged signature purporting to be [the presiding judge's] signature." (*Id.*). Petitioner also contended that his trial counsel was ineffective in persuading petitioner to enter a guilty plea "to what had been a dismissed indictment" and by "fail[ing] to challenge the invalid December 2, 2008 order vacating entry of dismissal for want of prosecution." (*Id.*).

On May 13, 2011, the trial court issued an Entry denying both the motion for resentencing and petitioner's motion to withdraw his guilty plea. (*Id.*, Ex. 23).

Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District. *(See id.*, Ex. 24). On August 11, 2011, the state appellate court issued a show-cause order, requiring petitioner to file a "Docket Statement" in order to comply with a local rule of the court; petitioner was ordered to file the document within seven days of the entry to avoid dismissal of the appeal "for failure to comply." (*Id.,* Ex. 25). On September 7, 2011, the Court of Appeals *sua sponte* dismissed the appeal based on petitioner's failure to comply with the show-cause order. (*Id.*, Ex. 26).

**Federal Habeas Corpus**

The instant federal habeas corpus petition was received by the Court for filing on August 3, 2011. (*See* Doc. 1). Petitioner indicates in the petition that he signed it on July 12, 2011. (*See* Doc. 1, p. 6). The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). Petitioner has not stated when he submitted the petition to the prison mail-room for delivery to the Court. Despite

5

the lengthy delay between the petition's purported execution and the actual filing date, the undersigned assumes in petitioner's favor that he submitted his petition to the prison mail-room and that the petition was, therefore, filed for statute-of-limitations purposes on July 12, 2011.

In the petition, petitioner alleges the following claim as the sole ground for relief:

**Ground One:** Denial [of] fundamental fairness in violation of 5th, 6th and 14th Amendments.

**Supporting Facts:** A court cannot hold a hearing, dismiss all charges and then come back [and] reinstate same indictment it discharged petitioner on.

(Doc. 1, p. 4).

Respondent has filed a motion to dismiss the petition. (Doc. 11). Respondent contends that the petition is subject to dismissal with prejudice because (1) petitioner has waived his claim for relief as a result of his numerous procedural defaults in the state courts; (2) petitioner's sole ground for relief is not cognizable given that petitioner entered a guilty plea and, in any event, the claim concerns only a matter of state law; and (3) the petition is barred from review by the one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). (*See id.*). Petitioner has filed a brief opposing the motion to dismiss. (Doc. 14). Respondent has filed a brief in reply to petitioner's response. (Doc. 15).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 11) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct

> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's sole claim for relief, challenging his guilty plea conviction and sentence because the indictment had been initially dismissed for want of prosecution. First, it is clear from the record that neither § 2244(d)(1)(C) nor § 2244(d)(1)(D) apply to the case-at-hand. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Moreover, petitioner has stated that he learned about the November 2008 order dismissing the indictment *before* the period for filing a timely appeal to the Ohio Court of Appeals expired, a fact which formed the basis of petitioner's purported belief that his counsel was filing an appeal on his behalf. (*See* Doc. 11, Ex. 15, p. 2). Therefore, it appears clear from the record that the facts underlying petitioner's sole claim for relief were known by petitioner before his conviction became final by the conclusion of direct review or expiration of time for seeking such review.

In the motion to dismiss, respondent contends that petitioner's claim for relief is governed by the one-year statute of limitations set forth in § 2254(d)(1)(A), which began to run when petitioner's conviction became final by the expiration of the thirty-day period for filing an appeal as of right to the Ohio Court of Appeals from the trial court's February 6, 2009 final judgment entry. *See* Ohio R. App. P. 4(A). If the § 2244(d)(1)(A) limitations provision applies here, the statute commenced running on March 9, 2009, one day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on March 9, 2010 absent application of statutory and equitable tolling principles.[1]

However, petitioner has alleged that he believed his counsel was filing an appeal on his

---

[1] Petitioner's unsuccessful motion filed in August 2009 for leave to file a delayed appeal to the Ohio Court of Appeals, as well as his unsuccessful motion filed in March 2010 for leave to file a delayed appeal to the Ohio Supreme Court, did not restart the running of the statute under § 2244(d)(1)(A), but rather could only serve to toll an unexpired limitations period under § 2244(d)(2). *See, e.g., Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Stevenson v. Howes,* 407 F. App'x 881, 884 (6th Cir. 2011); *Applegarth v. Warden, North Cent. Corr. Inst.,* 377 F. App'x 448, 449-50 (6th Cir. 2010); *Cleveland v. Bradshaw,* 760 F. Supp.2d 751, 768 (N.D. Ohio 2011); *cf. Little v. Warden, Warren Corr. Inst.*, No. 1:10cv468, 2011 WL 2358565, at *4 n.2 (S.D. Ohio May 16, 2011) (Litkovitz, M.J.) (Report & Recommendation) (noting that although the Supreme Court held in *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A), a delayed appeal motion that is *denied* does not restart the limitations period), *adopted,* 2011 WL 2293316 (S.D. Ohio June 9, 2011) (Bertelsman, J.). *See generally Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (distinguishing *Jimenez*, where the Court adopted "the out-of-time appeal's date of finality over the initial appeal's date of finality," in holding that the petitioner's state conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired").

Moreover, petitioner is unable to prevail on any argument that his later-filed unsuccessful motion to withdraw his guilty plea had any impact on the finality determination under 28 U.S.C. § 2244(d)(1)(A) or otherwise served to restart the running of the clock. *See, e.g.*, *Gibson v. Warden, Hocking Corr. Facility*, No. 1:10cv8, 2011 WL 1429099, at *7 (S.D. Ohio Feb. 23, 2011) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2011 WL 3861687 (S.D. Ohio Aug. 31, 2011) (Spiegel, J.); *Dickey v. Warden, Lebanon Corr. Inst.,* No. 1:08cv819, 2010 WL 92510, at *4 & n.2 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.); *Goodballet v. Mack,* 266 F. Supp.2d 702, 707 (N.D. Ohio 2003) (citing *Thompson v. Chandler,* 36 F. App'x 783, 785 (6th Cir. 2002)); *see also Coffey v. Warden, Warren Corr. Inst.,* No. 1:06cv717, 2007 WL 951619, at *1, *3-5 (S.D. Ohio Mar. 28, 2007) (Dlott, J.; Black,M.J.) (holding that the filing of a post-sentence motion to withdraw a guilty plea only serves to toll "the limitations period and does not reset it," and that the "fact that the Ohio courts considered [the] motion . . . on the merits does not change the . . . determination that the federal statute of limitations commenced running when petitioner's conviction became 'final'" six years earlier).

behalf and that he did not discover no appeal had been filed until some time between May 15 and June 19, 2009. (*See* Doc. 11, Ex 15, "Affidavit of Appellant: Tony Sayles"). In cases involving the alleged ineffectiveness of trial counsel in failing to perfect an appeal requested by the petitioner, the Sixth Circuit and courts within this federal judicial district have held that counsel's ineffectiveness can amount to a state-created impediment to filing, which triggers the applicability of the later one-year limitations provision set forth in § 2244(d)(1)(B). *See, e.g., Waldron v. Jackson,* 348 F. Supp.2d 877, 882-86 (N.D. Ohio 2004); *Woods v. Jackson,* No. 1:00cv803, 2006 WL 746293, at *5-7 (S.D. Ohio Mar. 22, 2006) (Spiegel, J.); *see also Winkfield v. Bagley,* 66 F. App'x 578, 582-83 (6th Cir. 2003); *Batista v. Warden, Lebanon Corr. Inst.,* No. 1:08cv635, 2009 WL 3259289, at *2, *7 (S.D. Ohio Oct. 7, 2009) (Spiegel, J.; Hogan, M.J.) (and numerous cases cited therein).[2] Furthermore, it has long "been widely held that counsel's failure to file a timely notice of appeal from a criminal conviction, when requested to do so by the defendant, constitutes ineffective assistance of counsel *per se*." *Tolbert v. United States,* No. 97-5830, 1998 WL 381641, at *2 (6th Cir. June 23, 1998) (and numerous cases cited therein); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States,* 395 U.S. 327 (1969); *Peguero v. United States,* 526 U.S. 23, 28 (1999)) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); *Ervin v. Warden, United States Penitentiary,* No.

---

[2]*But see Dunker v. Bissonnette,* 154 F. Supp.2d 95, 105 (D. Mass. 2001) (rejecting argument that the petitioner's court-appointed attorney was a "state actor" under § 2244(d)(1)(B)); *Cinocco v. Smelser*, No. 10-cv-01722-BNB, 2011 WL 65084, at *4 (D. Colo. Jan. 6, 2011) (same); *Rith v. Clark,* No. 1:10-cv-0797 SMS HC, 2010 WL 3582591, at *3 (E.D. Cal. Sept. 10, 2010) (and cases cited therein) (same); *Hill v. Mullin,* No. CIV-09-1003-F, 2010 WL 446584, at *2 & n.8 (W.D. Okla. Feb. 1, 2010) (and cases cited therein) (same); *O'Neal v. South Carolina*, Civ. Act. No. 9:08-587-HFF-BM, 2008 WL 4960423, at *3 (D.S.C. Nov. 20, 2008) (following *Lawrence v. Florida,* 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd on other grounds,* 549 U.S. 327 (2007), in holding that "the actions of a criminal defense attorney . . . are not state action" within the meaning of § 2244(d)(1)(B)), *appeal dismissed*, 328 F. App'x 283 (4th Cir. 2009).

1:09cv28, 2010 WL 1257900, at *3 (S.D. Ohio Jan. 12, 2010) (Merz, M.J.) (Report & Recommendation) (and cases cited therein) ("[F]ailure to file an appeal on a client's request constitutes ineffective assistance of trial counsel without any showing of prejudice."), *adopted*, 2010 WL 1257903 (S.D. Ohio Mar. 31, 2010) (Barrett, J.).

In this case, petitioner's allegation regarding his counsel's conduct is suspect given that petitioner did not assert it as an argument in support of his initial motion for leave to file a delayed appeal to the Ohio Court of Appeals, but rather only in his motion for reconsideration after the initial motion was denied by the state appellate court. (*Se*e Doc. 11, Exs. 11, 14, 15). Nevertheless, the undersigned will assume, without deciding, in petitioner's favor that (1) petitioner's counsel failed to file a timely appeal requested by petitioner on February 8, 2009, which constituted a state-created impediment to filing; and (2) the impediment to filing was removed at the latest on June 19, 2009, the outside date provided by petitioner for when he discovered that no appeal had been filed by counsel as he had been led to believe. Therefore, even if § 2244(d)(1)(B) applies to delay the limitations period in this case, the statute began to run at the latest on June 20, 2009, expiring one year later on June 20, 2010, absent application of statutory and equitable tolling principles. Accordingly, to the extent that it can be argued that § 2244(d)(1)(B) governs petitioner's claim for relief, petitioner still faces a statute-of-limitations bar to review. *Cf. Ratliff v. Jefferys,* No. 3:06cv1931, 2007 WL 4248173, at *5 (N.D. Ohio Nov. 30, 2007) (holding that § 2244(d)(1)(B) was inapplicable in a case where the petitioner failed to file his federal habeas corpus petition within one year after the alleged state impediment was removed).

During the one-year limitations period, petitioner was entitled to statutory tolling under

28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

The undersigned assumes, without deciding, in petitioner's favor that the later limitations provision set forth in § 2244(d)(1)(B) applies and that the statute, which commenced running on June 20, 2009, was tolled 66 days later on August 25, 2009, when petitioner filed his first notice of appeal and motion for leave to file a delayed appeal with the Ohio Court of Appeals. (*See* Doc. 6, Exs. 6-7). Again assuming, without deciding, in petitioner's favor, the statute recommenced running at the very latest on October 29, 2009, one day after the state appellate court proceeding concluded with the denial of petitioner's motion for reconsideration. (*See* Doc. 6, Ex. 16). *Cf. Garner v. Gansheimer,* No. 1:09cv874, 2010 WL 547482, at *5 (N.D. Ohio Feb. 10, 2010) (making same assumption in light of Sixth Circuit case-law suggesting "[t]here is some uncertainty as to whether a motion for reconsideration [under Ohio R. App. P. 26(A)] tolls the AEDPA statute of limitations").

The statute ran for another 123 days, for a total of 189 days, before it was arguably tolled again by the filing of petitioner's notice of appeal and motion for delayed appeal to the Ohio Supreme Court on March 1, 2010. (*See* Doc. 11, Exs. 18-19). The statute recommenced running

11

on April 15, 2010, one day after the Ohio Supreme Court issued its decision summarily denying petitioner's delayed appeal motion (*see id.*, Ex. 20), and expired 176 days later on October 8, 2010. *Cf. Lawrence v. Florida,* 549 U.S. 327, 332-36 (2007) (holding that the statutory tolling provision set forth in § 2244(d)(2) does not apply after a post-conviction matter is no longer "pending" in the state courts to further toll the limitations period during the time a petition for certiorari is pending before, or could have been filed with, the United States Supreme Court). Therefore, petitioner's subsequent motions for resentencing and to withdraw his guilty plea, filed respectively on February 3 and March 7, 2011 (*see id.*, Exs. 21-22), could not serve to statutorily toll the limitations period, which had already run its course. *See Vroman,* 346 F.3d at 602.

Accordingly, in sum, the undersigned concludes that the instant petition filed at the earliest on July 12, 2011, long after the expiration of even the most favorable limitations period on October 8, 2010, is time-barred unless petitioner is entitled to equitable tolling. The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *petition for cert. filed,* Nos. 11-10643, 11A869 (U.S. Apr. 25, 2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in

determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, and most importantly, petitioner has not shown that he has been diligent in pursuing his rights. Petitioner's lengthy delays in pursuing delayed appeals and post-conviction relief in the state courts, as well as his over two-year delay in filing the instant action after he purportedly discovered his counsel had not filed a direct appeal on his behalf, conclusively demonstrates that petitioner has not acted with the degree of diligence necessary to trigger equitable tolling concerns.

Second, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking relief in a more timely manner. Petitioner contended in his motions for delayed appeal to the Ohio Court of Appeals and Ohio Supreme Court that he was prevented from filing timely appeals because he was being transported to and from prison to Butler County to face other charges, which resulted in limited access to the prison law library and little time to prepare and file an appeal in this case. (*See* Doc. 11, Exs. 11, 15, 19). However, that argument does not adequately explain petitioner's extensive delay in filing a federal habeas petition nearly fifteen months after the Ohio Supreme Court denied his motion for delayed appeal in April 2010. Moreover, it is well-settled that limited law library access does not constitute an extraordinary

13

circumstance sufficient to excuse the statute-of-limitations bar to review. *Cf. Hall*, 662 F.3d at 751-52.

Petitioner has also contended in his memorandum in opposition to the motion to dismiss that any procedural bar to review should be excused because "the entire state proceedings has resulted in nothing short of a fundamental miscarriage of justice." (Doc. 14, p. 1). Petitioner specifically claims that the proceedings were rendered "fundamentally unfair" as a result of his counsel's ineffectiveness in failing to file a motion to dismiss the indictment on speedy trial grounds and in persuading him to enter a guilty plea despite the fact that the indictment had been dismissed for want of prosecution since " it is clear the speedy trial period had already r[u]n." (*See* Doc. 14).

To the extent that petitioner is claiming the limitations bar should be excused because of an alleged jurisdictional defect, habeas petitioners cannot evade the AEDPA's statute of limitations "by the simple expedient of arguing that [the challenged] conviction is void." *Saunders v. Clarke,* No. 3:11cv170, 2012 WL 1580427, at *1 (E.D. Va. May 4, 2012) (and cases cited therein); *Preston v. Thaler,* Civ. Act. No. H-10-1647, 2010 WL 3339225, at *3 (S.D. Tex. Aug. 23, 2010) (and cases cited therein); *see also Golson v. Brunsman,* No. 3:08cv012, 2008 WL 1733154, at *2 (S.D. Ohio Apr. 14, 2008) (Rice, J.; Merz, M.J.) (in rejecting the petitioner's argument that his claim of jurisdictional defects was not barred from review by the AEDPA's statute of limitations, the court stated: "While it is true that a conviction entered by a court without jurisdiction is void, that does not imply that the statute of limitations enacted by Congress for habeas corpus actions does not apply to claims of lack of subject matter jurisdiction."); *Peoples v. Jackson,* No. 1:05cv573, 2007 WL 852229, at *4, *13 (S.D. Ohio Mar.

19, 2007) (Barrett, J.; Hogan, M.J.) (holding that the statute of limitations applied to bar review of the petitioner's claim of a "structural defect" that voided the judgment of conviction); *United States ex rel. Wahl v. Sims,* No. 08 CV 1383, 2009 WL 307965, at *2 (N.D. Ill. Feb. 5, 2009) (holding that the federal habeas petition was time-barred and not subject to equitable tolling "regardless of [the petitioner's] assertion that his indictment was void").

In order to invoke the "fundamental miscarriage of justice" basis for equitably tolling the limitations period, petitioner must establish a credible claim of actual innocence. *See Souter v. Jones,* 395 F.3d 577, 602 (6th Cir. 2005). The procedural bar to review may be excused if the "habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Id.*; *see also McSwain v. Davis,* 287 F. App'x 450, 458 (6th Cir. 2008) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The standard is "demanding and permits review only in the 'extraordinary' case." *House v. Bell,* 547 U.S. 518, 538 (2006) (quoting *Schlup,* 513 U.S. at 327). Although petitioner has conclusorily claimed that he entered a guilty plea to crimes that he did not commit, he has neither alleged nor cited any evidence to support a claim of actual innocence in this case. He, therefore, has not established under the fundamental miscarriage of justice exception that he is entitled to equitable tolling of the limitations period.

Accordingly, in sum, the undersigned concludes that the instant petition, which petitioner purportedly signed on July 12, 2011 (*see* Doc. 1, p. 6), is time-barred. At the very latest, the statute of limitations began to run on June 20, 2009, the outside date that petitioner has given for when he learned that an appeal to the Ohio Court of Appeals had not been filed on his behalf by counsel. Assuming in petitioner's favor that the statute was tolled during the pendency of his

15

motions for delayed appeal and reconsideration to the Ohio Court of Appeals, as well as his motion for delayed appeal to the Ohio Supreme Court, the limitations period expired at the latest on October 8, 2010. Petitioner's subsequent motions for resentencing and to withdraw his guilty plea could not serve to statutorily toll the expired limitations period, nor do equitable tolling principles apply to further extend the limitations period in this case. Therefore, respondent's motion to dismiss (Doc. 11) should be **GRANTED**, and the instant habeas corpus petition (Doc. 1), filed over nine months after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 11) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the sole ground for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY

---

[3]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred ground for relief. *See Slack,* 529 U.S. at 484. However, it is noted that petitioner faces another significant procedural bar to review given his numerous procedural defaults in the state courts.

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: July 16, 2012                     s/ J. Gregory Wehrman
    cbc                                              J. Gregory Wehrman
                                                              United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TONY SAYLES,<br>    Petitioner,<br><br>vs<br><br>WARDEN, LONDON CORRECTIONAL<br>INSTITUTION,<br>    Respondent. | Case No. 1:11-cv-524<br><br>Dlott, J.<br>Wehrman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).